UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KEVIN DOUGLAS DONAHOE,<br><br>             Plaintiff,<br>  v.<br><br>SEATTLE CLERK FEDERAL COURT,<br><br>             Defendants. | Case No. C19-5267 BHS-TLF<br><br>REPORT AND RECOMMENDATION DENYING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*<br><br>Noted for **May 31, 2019** |

This case has been referred to Magistrate Judge Theresa L. Fricke pursuant to 28 U.S.C. § 636(b)(1) and Local Rule MJR 3 and 4. This matter comes before the Court on plaintiff Kevin Donahoe's filing of an application to proceed *in forma pauperis* and proposed complaint. Dkt. 1, Dkt. 1-1.

On April 9, 2019, Donahoe filed this application and 42 U.S.C. § 1983 complaint against numerous defendants, including but not limited to the clerk of this court, the President of the United States, his ex-wife, and his mother. Dkt 1-1. Donahoe alleged that the United States government had violated his right to "pursue life, liberty and pursuit of [happiness]" by misinterpreting the law on treason and circumscribing the right "to make war by enemy [combatants like Donahoe]." In his proposed complaint, he requested relief from the President, in a list of amenities including gambling, stripteases, sex with female prisoners, and free orders to UberEats delivery.

1   The district court may permit indigent litigants to proceed *in forma pauperis* upon
2   completion of a proper affidavit of indigency. 28 U.S.C. § 1915(a). However, the Court has
3   broad discretion in denying an application to proceed *in forma pauperis*. *Weller v. Dickson*, 314
4   F.2d 598 (9th Cir. 1963).

5   A federal court may dismiss *sua sponte* pursuant to Fed. R. Civ. P. 12(b)(6) when the
6   plaintiff has not stated a claim upon which relief may be granted. *See Omar v. Sea Land Serv.*,
7   Inc., 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim sua sponte under Fed.
8   R. Civ. P. 12(b)(6) … Such a dismissal may be made without notice where the claimant cannot
9   possibly win relief."). *See also Mallard v. United States Dist. Court*, 490 U.S. 296, 307 (1989)
10  (there is little doubt a federal court would have the power to dismiss frivolous complaint *sua*
11  *sponte*, even in absence of an express statutory provision). A complaint is frivolous when it has
12  no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

13  Donahoe has failed to show that he has a viable claim against any defendant and there
14  does not appear to be any possible basis for an amendment. For example, the clerks of court are
15  not appropriate defendants, where the only alleged facts of wrongdoing involve a purported
16  misapplication of federal law. Similarly, judges are generally absolutely immune from liability
17  for judicial acts. *See Mireles v. Waco*, 502 U.S. 9 (1991). And Donahoe failed to file his prison
18  trust account information to complete his IFP application, after having been informed of the
19  deficiency on April 11, 2019. Instead, Donahoe has filed various miscellaneous addenda to his
20  proposed complaint – with inappropriate communication directed toward the Court. Dkts. 4-10.

21  Therefore, the undersigned recommends that the Court deny Donahoe's motion to
22  proceed *in forma pauperis* and dismiss Donahoe's complaint without leave to amend, *sua sponte*.
23  The parties have **fourteen (14) days** from service of this Report and Recommendation to file

24

25  REPORT AND RECOMMENDATION DENYING
    PLAINTIFF'S APPLICATION TO PROCEED IN FORMA
    PAUPERIS - 2

1  written objections thereto. 28 U.S.C. § 636(b)(1); Federal Rule of Civil Procedure (FRCP) 72(b);

2  *see also* FRC P 6. Failure to file objections will result in a waiver of those objections for

3  purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed

4  by Fed. R. Civ. P. 72(b), the Clerk is directed set this matter for consideration on **May 31, 2019**,

5  as noted in the caption.

6      Dated this 17th day of May, 2019.

*Theresa L. Fricke*

Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION DENYING
PLAINTIFF'S APPLICATION TO PROCEED IN FORMA
PAUPERIS - 3